IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID JOHN RIPLEY, | ) |
|     Plaintiff, | ) Civil Action No. 7:22cv00422 |
| v. | ) **MEMORANDUM OPINION** |
| MIDDLE RIVER REGIONAL JAIL, | ) By:  Hon. Thomas T. Cullen |
| | )        United States District Judge |
|     Defendant. | ) |

Plaintiff David John Ripley, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Middle River Regional Jail ("Jail"). Ripley seeks leave to proceed *in forma pauperis* with this action. Having reviewed Ripley's request and complaint, the court grants his request to proceed *in forma pauperis*, but concludes that Ripley fails to state a cognizable § 1983 claim against the Jail. Accordingly, the court will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Ripley claims that while he was eating beans, he "bit down on a rock," chipped his tooth, and swallowed the chipped tooth. (Compl. at 2 [ECF No. 1].) Ripley states that he immediately informed an officer and that she was supposed to write an incident report before the end of her shift, but she forgot to write it. Ripley alleges that on the next day, the officer

told him that her supervisor had told her not to write the incident report.[1] Ripley asks for his tooth to be "fixed" and "reasonable monetary relief." (*Id.*)

By order entered October 12, 2022, the court advised Ripley that his complaint failed to state a cognizable § 1983 claim against the Jail and gave him the opportunity to file an amended complaint. (ECF No. 14.) The court also advised Ripley that if he failed to amend the complaint within 14 days, the court would assume that he stands on his current complaint and waives his right to amend. (*Id.*) Believe it or not, Ripley did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Ripley cannot maintain this action against the defendant Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued . . . [under § 1983]."). Accordingly, the court concludes that Ripley has failed to state a cognizable § 1983 claim against the defendant.

---

[1] Subsequent to filing his complaint, Ripley submitted multiple letters as "additional evidence," clarifying that his tooth was not chipped prior to his incarceration, the officer did write an incident report but her supervisor told her to rip it up, and that his tooth is able to be repaired. (*See* ECF Nos. 5, 8, 9, & 13.)

## III.

For the reasons discussed, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 3rd day of November, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE